PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
ARMANDO RODRIGUEZ

FILED

SEP - 1 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO RODRIGUEZ,

   Plaintiff,

v.

BARRITA, INC. dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; AND DOES 1-10, INCLUSIVE,

   Defendants.
_____/

CASE NO. **C09-04057 RS**
ADR
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 AND 55; and HEALTH & SAFETY CODE §§ 19955 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

Plaintiff ARMANDO RODRIGUEZ complains of defendants BARRITA, INC. dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible public facilities to plaintiff and other disabled persons at the La Victoria Taqueria (hereinafter sometimes "Restaurant"), located at 140 E. San Carlos, San Jose,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -1-       S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

1 California, including an inaccessible entrance blocked by seven steps, and a
2 totally inaccessible restroom which is fraudulently labeled as "disabled
3 accessible." Plaintiff Armando Rodriguez is paraplegic, a "person with a
4 disability" or "physically handicapped person." Plaintiff is unable to walk or
5 stand, requires the use of a wheelchair for mobility and is unable to use portions
6 of public facilities which are not accessible to disabled persons, including those
7 who require the use of a wheelchair. Plaintiff was denied his rights to full and
8 equal access at these facilities, and was denied his civil rights under both
9 California law and federal law, because these facilities were not, and are not now,
10 properly accessible to physically disabled persons, including those who use
11 wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these
12 facilities accessible to disabled persons and to ensure that any disabled person
13 who attempts to use the subject Restaurant will be provided properly disabled
14 accessible facilities. Plaintiff also seeks an immediate preliminary injunction
15 requiring defendants to remove the sign on the public restroom door which
16 fraudulently misrepresents that the restroom is "accessible" to physically disabled
17 persons. Plaintiff also seeks recovery of damages for his discriminatory
18 experiences and denial of access and civil rights, which denial is continuing as a
19 result of defendants' failure and refusal to provide disabled accessible facilities.
20 Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation
21 expenses and costs.

22     2. **JURISDICTION:** This Court has jurisdiction of this action
23 pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
24 of 1990, 42 USC 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and
25 related causes of action arising from the same facts are also brought under
26 California law, including but not limited to violations of California Government
27 Code §§ 4450 *et seq.*; California Health & Safety Code §§ 19953-19959;
28 California Civil Code §§ 51, 52, 54, 54.1 and 55; and Title 24 California Code of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -2-     S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

1 Regulations.

2    3. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

   4. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

   5. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk due to paraplegia and requires use of a wheelchair to assist him with locomotion. Defendants BARRITA, INC. dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings and/or portions thereof located at 140 E. San Carlos, San Jose, California. This Restaurant is a "public accommodation" and "business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 51 *et seq.* and §§ 54 *et seq.* This Restaurant has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.* Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

   6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -3-   S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7.  Defendants BARRITA, INC. dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)

8.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9.  Plaintiff Armando Rodriguez and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 *et seq.* were enacted "[t]o ensure that public accommodations or facilities constructed in this state with

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -4-      S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject Restaurant, located at 140 E. San Carlos, San Jose, California. The codes relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. Defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject building and to its parking facilities during the period Title 24 has been in effect. For example, based on preliminary investigation, a major alteration occurred approximately 1986 when the building housing the Restaurant was converted from a residence into a restaurant, but without providing any accessible entrance for disabled persons. Further alterations and structural repairs were carried out in 2006 after a fire damaged the building, but without providing disabled access to the entrance or to the public restroom.

11. **FACTUAL STATEMENT:** On or about November 7, 2008, plaintiff Armando Rodriguez went to the La Victoria Taqueria, located at 140 E. San Carlos, San Jose California. Plaintiff, a paraplegic, was accompanied by a friend, intending to have a meal at the Restaurant. However, when plaintiff approached the Restaurant in his wheelchair he found that the only apparent entrance was at the top of seven stairs. Undaunted, plaintiff asked his able-bodied friend to climb the stairs and inquire whether there was some other, accessible entrance to the Restaurant. The friend returned and advised that there was no

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -5-   S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

such accessible entrance. He also advised plaintiff that if plaintiff did find a way to enter the Restaurant, he would be unable to enter and use the restroom which was, in fact, *inaccessible*, even though the restroom had a sign on the door showing the universal symbol for "access," a white wheelchair symbol on a blue background, and the word "accessible." Unable to use the premises, plaintiff left in frustration.

12. These public facilities are inaccessible to persons with disabilities in multiple aspects, including but not limited to the following: an inaccessible public entrance, blocked to wheelchair use by seven stairs; an inaccessible public restroom with a door that opened inward, with no "strike edge" clearance, so that if a wheelchair user managed to enter the restroom they would be trapped inside and unable to exit, with insufficient turning space for wheelchair use, with no space for a side transfer to the toilet, and a sink with insufficient space beneath it for a wheelchair user; all rendering these premises illegally inaccessible to and unuseable by physically disabled persons, including plaintiff. All facilities must be brought into compliance with all applicable federal and state statutory and regulatory requirements.

13. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -6-     S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with a mobility disability who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use the Restaurant and its facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to return and patronize the Restaurant once legally required access has been provided. Plaintiff has also been deterred from patronage of the Restaurant by its lack of properly accessible facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

16. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code § 19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -7-   S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

law, all as hereinafter prayed for.

17. **DAMAGES:** As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code § 54.3, including general, statutory and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

18. **TREBLE DAMAGES** - Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. At all times herein mentioned, and from the 1986 date when this former residence was converted into a restaurant, defendants were and are fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons. Further defendants knew that some of the Restaurant's patrons would be and were physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and (after 1990) ADAAG standards for accessible facilities. Despite this knowledge, defendants installed and maintained the physical barriers complained of. Defendants have also knowingly maintained an inaccessible public restroom with inaccessible facilities inside the restroom, yet have placed an "accessible" sign on the door to the mislead the public and misrepresent to patrons that the restroom was "accessible" to physically disabled persons. On information and belief, defendants failed to remove these barriers even after complaints to defendants' employees about the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

1  lack of access, and have failed to provide properly accessible facilities as required
2  by state and federal law. Defendants have continued their illegal and
3  discriminatory policies and practices despite actual knowledge that people with
4  physical mobility disabilities attempt to patronize the subject public facilities and
5  encounter illegal barriers when they do so.

6      19. At all times herein mentioned, defendants knew, or in the exercise of
7  reasonable diligence should have known, that their barriers and practices at their
8  subject facilities violated disabled access requirements and standards, and had a
9  discriminatory affect upon plaintiff and upon other physically disabled persons,
10 but defendants have failed and refused to rectify these violations, and presently
11 continue a course of conduct of failure to remove architectural barriers that
12 discriminate against plaintiff and similarly situated disabled persons.

13     20. **FEES AND COSTS:** As a result of defendants' acts, omissions, and
14 conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
15 costs in order to enforce plaintiff's rights and to enforce provisions of the law
16 protecting access for disabled persons and prohibiting discrimination against
17 disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees
18 and costs, pursuant to the provisions of California Civil Code §§ 54.3 and 55, and
19 California Health & Safety Code § 19953. Additionally, plaintiff's lawsuit is
20 intended to require that defendants make their facilities accessible to all disabled
21 members of the public, justifying "public interest" attorney fees and costs
22 pursuant to the provisions of California Code of Civil Procedure § 1021.5 and
23 other applicable law.

24     WHEREFORE, plaintiff prays for damages and injunctive relief as
25 hereinafter stated.
26 //
27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them herein.

22. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
> Cal. Civ. C. § 51(b).

23. California Civil Code § 52 provides that the discrimination by defendants against plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

24. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

25. Any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -10-   S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

336) shall also constitute a violation of this section."

26. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Civil Code §§ 51 and 52.

27. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq.*

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them herein as if separately repled.

29. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  against individuals with disabilities continue to be a serious and pervasive social
2  problem;" that "the Nation's proper goals regarding individuals with disabilities
3  are to assure equality of opportunity, full participation, independent living, and
4  economic self-sufficiency for such individuals;" and that "the continuing
5  existence of unfair and unnecessary discrimination and prejudice denies people
6  with disabilities the opportunity to compete on an equal basis and to pursue those
7  opportunities for which our free society is justifiably famous..." 42 USC §12101.

8      30.    In passing the Americans with Disabilities Act of 1990 (hereinafter
9  "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 USC § 12101(b).

    31.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink." § 301(7)(B).

    32.    The ADA clearly states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

§ 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

33.   The removal of each of the barriers complained of by plaintiff as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -13-   S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

hereinabove alleged, were at all times herein mentioned since January 26, 1992 "readily achievable" under the standards § 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, including the 2006 alterations and structural repairs after a fire on the premises, have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

34. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

35. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

36. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            -14-     S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

**PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy; and issue an immediate preliminary injunction requiring defendants to remove the fraudulent sign falsely representing that their inaccessible public restroom is "accessible";

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -15-    S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to California Civil Code § 3291;

6. Grant such other and further relief as this Court may deem just and proper.

Dated: August __, 2009                    LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ARMANDO RODRIGUEZ

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August __, 2009                    LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ARMANDO RODRIGUEZ

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd

the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to California Civil Code § 3291;

6. Grant such other and further relief as this Court may deem just and proper.

Dated: September 1, 2009

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ARMANDO RODRIGUEZ

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 1, 2009

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
ARMANDO RODRIGUEZ

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -16-        S:\SLR\CASES\L\LA VICTORIA\PLEADINGS\LA VICTORIA.CMP.wpd