IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARMANDO RODRIGUEZ,<br><br>            Plaintiff,<br><br>   v.<br><br>BARRITA, INC., dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; NICANDRO BARRITA; and DOES 1 through 10, inclusive,<br><br>            Defendants.<br>_____/ | No. C 09-04057 RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

Plaintiff Armando Rodriguez moves for reconsideration of this Court's order denying summary judgment, pursuant to Civil Local Rule 7-9. Specifically, he requests reconsideration of: (1) the factual finding that the second floor of the building in question is closed to the public; and (2) the holding that factual disputes as to the validity of hardship exceptions granted to defendants and their predecessors-in-interest by the City of San Jose precluded summary judgment on plaintiff's California Disabled Persons Act (CDPA) claim. The motion is suitable for resolution without a hearing, pursuant to Civil Local Rule 7-1(b), and for the reasons stated below, is granted in part and denied in part.

## II. DISCUSSION

### A. Legal standard

Civil Local Rule 7-9 permits a party to move for reconsideration of any interlocutory order upon receiving leave from the Court. Under the Rule, to bring such a motion, the moving party

must show: (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L. R. 7-9(b). A party who repeats written or oral arguments in support or opposition to the interlocutory order subject to reconsideration may be exposed to sanctions. Civ. L. R. 7-9(c). The Court granted plaintiff leave to move for reconsideration, and permitted defendants to file a response to the motion, which they have.

### B. Second floor

Plaintiff first contends the Court erred by finding, "[t]he second floor which is not open to the public, consists of office space and a private dining room." (Order at 2:25-26). Rodriguez notes that his opposition to defendants' cross-motion for summary judgment stated, "[defendant] Nicandro [Barrita] testified extensively in deposition that the second floor of the restaurant is all storage, although actually it is a fully-decorated dining room." (Pl.'s Opp'n at 5:14-15). For support, Rodriguez's brief relied upon two declarations – one from a private investigator hired by plaintiff, and another from his designated architectural expert, apparently acting as a percipient witness – as well as accompanying exhibits. Both declarants offer sworn statements that they visited the second floor, and observed booths and decorations. (Heriot Decl. in Supp. of Pl.'s Opp'n ¶ 6); (Adler Decl. in Supp. of Pl.'s Opp'n ¶ 18). The videos submitted as exhibits in support of those declarations appear to substantiate plaintiff's position. As Rodriguez's own opposition notes, however, defendants have offered conflicting evidence in the form of deposition testimony. Accordingly, the Court withdraws its factual finding, and instead holds that whether or not the second floor is open to the public is a disputed question of material fact.

### C. Equivalent facilitation

Plaintiff next argues the Court erred by denying summary judgment as to whether or not the 1986 and 2007 hardship exceptions issued to defendants and their predecessors-in-interest by the City of San Jose were valid. Specifically, he maintains that the Court failed to consider his

ORDER
2

argument that the City failed to require, and defendants did not provide, "equivalent facilitation" as a condition of the exceptions. *See* Cal. Health & Safety Code § 19957. The only reference to that term appears in the final sentence of footnote 73 in plaintiff's motion for summary judgment. The sentence reads: "Finally, neither 'hardship exception' provided equivalent facilitation as required under state law." (Pl.'s Mot. for Summ. J. at 23-24 n. 73) (citing § 19957). A supporting declaration from plaintiff's architectural expert, cited in that same footnote, asserts, without any explanation, that no equivalent facilitation was provided. (Adler Decl. in Supp. of Mot. for Summ. J. ¶ 30). Plaintiff also relied upon deposition testimony, in which defendant Marcelino Barrita read back portions of the hardship exception documentation stating that no "equivalent facilitation" was required by the City, and conceded that Barrita, Inc. did not "install grab bars, lower the mirror, tissue dispenser, change toilet bowl, lower soap and towel dispenser, install handicap table," in the building's bathroom. (Exh. 4 to McGuiness Decl. at 94:3-97:12).

Plaintiff's 25-page motion failed, however, to define the key term, "equivalent facilitation," or identify any relevant precedent construing the relevant provision of California Code.[1] Although Rodriguez now attempts to rectify this oversight by briefing the issue extensively in his motion for reconsideration, his efforts are untimely. Plaintiff may be correct that defendants bear the ultimate burden of establishing an exception to their statutory duties under the CDPA, but under Rule 56 of the Federal Rules of Civil Procedure, he must demonstrate an entitlement to summary adjudication. Here, he did not do so and his motion was denied as a result.

Having failed to brief adequately the issue in his original motion, plaintiff now alternatively argues that the Court wrongly concluded that a valid hardship exception may preclude all liability. (Pl.'s Req. for Leave, at 3:22-23) ("[t]he Court's ruling could be interpreted to mean that a hardship exception properly is a complete defense to a CDPA claim"). That legal proposition, also not raised in plaintiff's original motion, is the subject of disagreement. *Compare Donald v. Café Royale, Inc.*,

---

[1] Plaintiff now relies upon paragraph 29 of his architectural expert's declaration, which states, "[u]nder state law, when a hardship exception is granted, the permit-holders must provide equivalent facilitation," and then sets forth sections of California Health & Safety Code defining "equivalent facilitation." An affidavit from an architectural expert who is not a member of the bar is not a proper vehicle for advancing legal arguments. Moreover, paragraph 29 of the Adler declaration was not invoked by plaintiff's motion. Accordingly, it was not considered. Unsurprisingly, it is not self-evident from plaintiff's properly submitted evidence what the legal definition of the term is.

NO. C 09-04057 RS
ORDER

3

218 Cal. App. 3d 168, 176 (1990) (recognizing "the possibility that in some instances denial of access under the statute may be excused, e.g., where the violator has been affirmatively directed, or given formal approval, by an enforcing agency to construct premises in a certain way…."), *and D'Lil v. Stardust Vacation Club*, No. C 00-1496, 2001 WL 1825832, at *8 (E.D. Cal. Dec. 21, 2001) (citing *Donald* for the proposition that "defendant's good faith reliance on an agency's erroneous legal opinion may in some instances preclude liability"), *with City & Cnty. of San Francisco v. Grant Co.*, 181 Cal. App. 3d 1085, 1092-93 (1986) (doctrine of *estoppel*, arising from a local building department's permit, may not be applied to state-initiated regulatory enforcement action), *and D'Lil v. Best Western Encina Lodge*, 2004 WL 3685756, at *3 (C.D. Cal. Dec. 13, 2004) ("No court has suggested that the issuance of a building permit diminishes a private plaintiff's *right to allege* a violation of accessibility laws" (emphasis added)). Given plaintiff's failure to brief this uncertain issue, the Court denied him summary judgment, and reserved the question for trial. It did not hold that defendants are exempt from liability. Plaintiff's request for reconsideration of the issue is therefore denied.

### III. CONCLUSION

For the reasons stated, the motion is granted in part and denied in part. The parties are instructed to appear for a further Case Management Conference on July 12, 2012, at 10:00 a.m. in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, in San Francisco, California. The parties shall file a Joint Case Management Statement at least one week prior to the Conference.

IT IS SO ORDERED.

Dated: 6/18/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE