IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ARMANDO RODRIGUEZ,

    Plaintiff,

v.

BARRITA, INC., dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; NICANDRO BARRITA; and DOES 1 through 10, inclusive,

    Defendants.

No. C 09-04057 RS

**ORDER DENYING LEAVE TO FILE SECOND MOTION FOR RECONSIDERATION**

Pursuant to Civil Local Rule 7-9, defendants request leave to file a motion for reconsideration of the prior order rendering additional findings of fact and conclusions of law. (*See* Order Granting Leave to File Motion for Reconsideration, Denying Motion for Reconsideration, and Rendering Additional Findings of Fact and Conclusions of Law, Jan. 24, 2014, ECF No. 252). In particular, defendants contend the court lacks jurisdiction to assess the validity of the City of San Jose Building Department's apparent approval of the prior owners' 1986 undue hardship application. According to defendants, before arguing in this suit that the application was improvidently granted, plaintiff was required to exhaust state law administrative remedies by filing an administrative appeal of the Department's 1986 action.[1]

---

[1] California's Health and Safety Code provides that a City "may appoint a local appeals board composed of five members to hear written appeals brought by any person regarding action taken by the building department of the city, county, or city and county in enforcement of the requirements of

Defendants invoke Civil Local Rule 7-9(b)(1), which provides that the party requesting leave to file a motion for reconsideration must show:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order[.]

Civ. L. R. 7-9(b)(1). While defendants' proffered motion for reconsideration introduces legal arguments that were not presented prior to entry of the additional findings of fact and conclusions of law, defendants fail to demonstrate that "in the exercise of reasonable diligence" they did not know of such fact or law at the time of the interlocutory order. *See id.* There is no apparent reason why defendants in this action, which has been litigated for more than four years, did not present these additional arguments and authorities at trial. Plaintiff's trial brief made clear that plaintiff intended to challenge the validity of the 1986 hardship exception. (*See* Plaintiff's Trial Brief 11:17-12:6, ECF No. 231) (arguing the 1986 hardship exception was improvidently granted). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

Moreover, it is not clear that the authorities in defendants' motion constitute a "material" difference in law. *See* Civ. L. R. 7-9(b)(1). While the California Health and Safety Code authorizes cities to appoint a local appeals board to review appeals of building department decisions, *see* Cal. Health & Safety Code § 19957.5, defendants do not contend that the City of San Jose actually appointed such a board here. In any event, it is far from apparent that, based on the authorities presented by defendants, Rodriguez was required somehow to challenge the Department's 1986 action at the administrative level before arguing in this action that the Department's decision did not excuse the prior owner's failure to make the building accessible to individuals in wheelchairs.

---

this part, including the exceptions contained in Section 19957." Cal. Health & Safety Code § 19957.5.

For the foregoing reasons, defendants' request for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: 2/10/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE