IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ARMANDO RODRIGUEZ,

    Plaintiff,

v.

BARRITA, INC., dba LA VICTORIA TAQUERIA; NICANDRO BARRITA; ENS ASSOCIATES INVESTMENTS, LLC; MASOUD SHAHIDI; NICANDRO BARRITA; and DOES 1 through 10, inclusive,

    Defendants.

No. C 09-04057 RS

**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**

Plaintiff Armando Rodriguez, invoking Civil Local Rule 7-9, seeks leave to file a motion for reconsideration of the prior order awarding attorney fees, litigation expenses, and costs. According to plaintiff, the prior order failed to consider material facts and dispositive legal arguments presented in his fee motion. *See* Civ. L.R. 7-9(b)(3). In particular, he argues the court failed to address California Code of Civil Procedure § 1021.5, which plaintiff claims "precludes [the court] from reducing plaintiff's attorney fees for limited success based on the number of barriers plaintiff remediated." (Application for Leave to File Motion for Reconsideration, ECF No. 297, 2:20-21).

As an initial matter, plaintiff's application is procedurally improper. Local Rule 7-9 applies only "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." *See* Civ. L.R. 7-9(a). Judgment was entered some six months ago. (ECF No. 257). Nor would Federal Rule of Civil Procedure 60(b), which plaintiff does not invoke, afford

the relief he seeks. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("Legal error does not by itself warrant the application of Rule 60(b).").

Even if plaintiff's request were procedurally proper, substantive relief is not warranted. Indeed, the motion is premised on an incorrect reading of the prior order. The court did not, as plaintiff suggests, reduce counsel's fees as a result of defendants remediating certain barriers before trial. As made clear in the order, the reduction in fees flowed from plaintiff's lack of success in litigating the stairway barriers and the April 2013 barriers:

> Accordingly, plaintiff achieved only partial success in this litigation. Although he obtained injunctive relief pertaining to three barriers and won $12,000 in damages under state law, he failed to obtain any relief pertaining to the alleged stairway safety barriers or the April 2013 barriers.

*Rodriguez v. Barrita, Inc.*, 2014 WL 2967925 at *10 (N.D. Cal. July 1, 2014). Plaintiff's lack of success is attributable to his failed attempt to recover for the stairway safety barriers and the April 2013 barriers, not to his inability to remediate barriers mooted by defendants' pretrial actions. Indeed, the prior order recognized that even remediated barriers, while moot for purposes of plaintiff's ADA claim, were actionable at trial for purposes of damages under state law.

Section 1021.5, a California fee-shifting statute, does not alter the calculus of the prior order.[1]  "[U]nder state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success." *Sokolow v. Cnty. of San Mateo*, 213 Cal. App. 3d 231, 249 (1989). Although plaintiff is entitled to fees under § 1021.5, it would be unjust to award him the full lodestar amount. To be sure, "fees recoverable under section 1021.5 ordinarily include compensation for all hours reasonably spent." *See Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982). Here, however, the lodestar was calculated without regard to plaintiff's limited success.[2]  *See* 2014 WL 2967925 at *12 n.19. Accordingly, the unadorned lodestar did *not* reflect whether counsel's

---

[1] The statute provides that under certain circumstances, a court may award attorney fees to a successful party "in any action which has resulted in the enforcement of an important right affecting the public interest[.]"  Cal. Civ. Proc. Code § 1021.5.

[2] Due to the related nature of plaintiff's successful and unsuccessful allegations, it was not feasible for the prior order to make discrete success-based reductions during the lodestar calculation. *See Corder v. Gates*, 947 F.2d 374, 378 (9th Cir.1991) (separate lodestar reduction for limited success is permissible so long as the court "partition[s] its 'lodestar' analysis from consideration of . . . degree of success" and "account[s] for . . . limited success only once.").

hours were "reasonably spent" in light of plaintiff's limited success. *See Serrano*, 32 Cal. 3d at 624. The final fee award, by contrast, took into account plaintiff's limited success *and* the public benefit secured by his victory. *See* 2014 WL 2967925 at *12. The award therefore includes all fees to which plaintiff is entitled under federal and state law.

For the foregoing reasons, plaintiff's request for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: 8/18/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE